UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA ROBINSON,<br>    Plaintiff,<br>  v.<br>UNITED STATES,<br>    Defendant. | Case No. 16-cv-01544-EDL<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Plaintiff Velma Robinson filed her Complaint and Application to Proceed In Forma Pauperis on March 29, 2016 and has consented to magistrate jurisdiction. Plaintiff's application to proceed in forma pauperis was granted on April 5, 2016. The complaint is now dismissed sua sponte with leave to amend.[1]

Although Plaintiff's Application to Proceed In Forma Pauperis was granted, the Marshal shall not serve the Complaint. In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendant because Defendant has not been served and therefore is not a party under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Plaintiff's claims against the United States are based on allegations relating to her employment with the United States Navy from 1980 to 1986.  She filed an administrative claim on August 5, 2015, and the claim was denied as untimely.  A right to sue letter was issued on October 6, 2015.  The Complaint was filed on March 29, 2016.  Plaintiff asserts that her claims are based on her "sexual orientation" and disability but she does not explain the nature of her sexual orientation or disability.  Compl. ¶ 1.  It also appears she is attempting to assert a state law claim for gender discrimination.  Id. ¶ 18-20. The complaint briefly alleges a number of workplace and non-workplace incidents beginning in 1980, including one incident where a co-worker jumped on her and broke her glasses, and another where she was held in a closet for 20 to 30 minutes.  Compl. ¶ 1, 7-8. Apparently, Plaintiff was terminated in 1984 for unstated reasons and she filed a union grievance alleging a hostile work environment.  Id. ¶ 7.  Plaintiff alleges that she returned to work and was removed from her employment for a second time in 1986 for unstated reasons.  Id. ¶ 8, 15.  These barebones allegations of events that occurred more than 30 years ago are insufficient to state an employment discrimination claim against the Government.  First, the Federal Tort Claims Act requires that all claims be presented to the appropriate agency within two years of accrual.  See 28 U.S.C. 2401(b).  Further, the Complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2).  Therefore, the Complaint is dismissed.

Plaintiff is granted leave to file an amended complaint.  Any amended complaint must be filed within 30 days of the date of this Order, and should clearly set forth why this action is not barred by the applicable statute of limitations as well as the factual and legal basis for her claims.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling (415) 782-8982 or signing up for an appointment on

the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, Plaintiffs may speak with an attorney who may be able to provide basic legal help, but not legal representation. The Court also urges Plaintiffs to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

**IT IS SO ORDERED.**

Dated: April 21, 2016


ELIZABETH D. LAPORTE
United States Magistrate Judge