UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Case No. 16-cv-01544-EDL<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

Plaintiff Velma Robinson filed her Complaint and Application to Proceed In Forma Pauperis on March 29, 2016 and has consented to magistrate jurisdiction. Plaintiff's application to proceed in forma pauperis was granted on April 5, 2016. On April 21, 2016, the Complaint was dismissed sua sponte with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). At that time, the Court gave Plaintiff notice of the deficiencies in her Complaint and an opportunity to amend before final dismissal. Dkt. 8. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987). An amended Complaint (FAC) was filed on May 20, 2016. However, the FAC suffers from the same deficiencies as her original pleading and, therefore, is now dismissed sua sponte for failing to state a claim without further leave to amend.[1] See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir.2011) (noting that district court need not grant leave to amend when further attempts "would be futile").

In the FAC, as in the original Complaint, Plaintiff's claims against the United States are based on allegations relating to her employment with the United States Navy from 1980 to 1986.

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendant because Defendant has not been served and therefore is not a party under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

1  She filed an administrative claim on August 5, 2015, and the claim was denied as untimely.  A
2  right to sue letter was issued on October 6, 2015.  Plaintiff asserts that her claims are based on her
3  "sexual orientation" and disability but she does not explain the nature of her sexual orientation or
4  disability other than to note that she was off work for six months in 1984 due to a broken leg.
5  FAC ¶ 7.  The FAC briefly alleges a number of workplace and non-workplace incidents beginning
6  in 1980, including one incident where a co-worker jumped on her and broke her glasses, and
7  another where she was held in a closet for 20 to 30 minutes.  FAC. ¶ 11, 12.  Apparently, Plaintiff
8  was terminated in 1984 for unstated reasons and she filed a union grievance alleging a hostile
9  work environment.  Id. ¶ 7.  Plaintiff alleges that she returned to work and was removed from her
10 employment for a second time in 1986 for unstated reasons.  Id. ¶ 8, 15.  In its earlier Order, the
11 Court concluded that these barebones allegations of events that occurred more than 30 years ago
12 are insufficient to state an employment discrimination claim against the Government.  Dkt. 8 at 2.
13 Plaintiff's FAC does not cure these deficiencies and therefore is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated:  June 2, 2016



ELIZABETH D. LAPORTE
United States Magistrate Judge